UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL ROSALES, A-221-489-396<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA STATE CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No.  2:26-cv-00666-DAD-EFB<br><br><br>ORDER (ECF No. 9) AND FINDINGS AND RECOMMENDATIONS (ECF No. 1) |

Petitioner is a noncitizen challenging his present detention in an immigration detention facility, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Pending before the court is petitioner's motion to reduce bond or for release on recognizance or conditional parole, ECF No. 9, which respondents oppose.  ECF No. 11.  For the reasons stated herein, the court denies the motion and recommends that the writ be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

Petitioner initiated this action on March 2, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a citizen of Guatemala who has been detained by respondents since January 18, 2026, pending his immigration removal proceedings.  *Id*. at 2-4.  The petition raises two claims for relief: that petitioner's detention without a bond hearing violates the Immigration and Nationality Act (claim one) and his procedural due process rights under the Fifth Amendment (claim two).  *Id*. at 8-9.

1

On March 2, 2026, petitioner filed a motion for temporary restraining order, in which he requested that the court order petitioner's immediate release or, alternatively, order respondents provide him a bond hearing, pursuant to both of his claims for relief.  ECF No. 2.  Respondents filed an Answer to the petition and opposed the motion, ECF No. 6, and, on March 4, 2026, the District Court converted the motion into a request for a preliminary injunction and granted it. ECF No. 7.  The Court ordered respondents to provide petitioner a bond hearing within ten days of the date of the order and to subsequently file a status report indicating compliance.  *Id*.  On March 15, 2026, respondents filed a status report representing that an Immigration Judge conducted a bond hearing on March 12, 2026 and granted petitioner's request for bond, setting a bond amount of $25,000 and ordering that petitioner be subject to alternatives to detention, including GPS monitoring.  ECF No. 8.

On March 23, 2026, petitioner filed the instant motion to reduce bond, ECF No. 9, and, on March 31, 2026, respondents filed an opposition brief.  ECF No. 11.

### DISCUSSION

**A.  Motion to Reduce Bond**

In his motion, petitioner acknowledges that an Immigration Judge conducted a custody redetermination hearing on March 12, 2026, at which he granted petitioner release under bond of $25,000.  ECF No. 9 at 1-2.  He argues that this determination violates his rights to due process under the Fifth Amendment because the bond amount fails to account for his indigence.  *Id*. at 3-4.  Respondents argue the motion should be denied because petitioner has not exhausted his administrative remedies nor demonstrated legal error entitling him to relief.  ECF No. 11.

The court agrees with respondents' argument that petitioner's failure to seek review of the Immigration Judge's bond decision to the Board of Immigration Appeals (BIA) forecloses the relief petitioner seeks, under principles of prudential exhaustion.  This conclusion is commanded by the Court of Appeals' holding in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), which is legally indistinguishable from the instant case.  There, the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond

2

hearing violated his due process rights. *Leonardo*, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in *Casas-Castrillon v. Department of Homeland Security,* 535 F.3d 942 (9th Cir.2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. *Leonardo*, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. *Id*. The petitioner did not appeal this determination to the BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. *Id*.

The Court of Appeals held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. *Leonardo*, 646 F.3d at 1160. The court explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by . . . the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

*Id*. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the IJ's bond decision in the district court before seeking review in the BIA. *Id*. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." *Id*. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Court held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. *Id*. at 1160-61.

The instant case is indistinguishable, such that petitioner's motion must be denied.  As in *Leonardo*, petitioner here has received the bond hearing ordered by the District Court and, as in *Leonardo*, petitioner's challenge to the constitutional adequacy of that hearing was not presented to the BIA before being raised in this court.  *See Leonardo*, 646 F.3d at 1160; ECF Nos. 8, 9.  *Leonardo* makes clear that, in this particular posture, the detainee must exhaust his challenge to the IJ's bond decision in the BIA prior to seeking relief in the federal courts.  *Id*. at 1160-61.  Although the Court of Appeals recognized that there may be circumstances where exhaustion could be excused, *see id*., here, petitioner has made no argument nor showing that grounds exist for excusing the prudential exhaustion requirement in his case.  *See* ECF No. 9; *see generally Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  Petitioner also has not requested that his case be stayed so that he can exhaust the argument that forms the basis of this motion.  *See Leonardo*, 646 F.3d at 1160; ECF No. 9.  Accordingly, petitioner's motion must be denied.  *See Leonardo*, 646 F.3d at 1161.

**B. Merits of the Petition**

In his petition, petitioner alleges that his detention without a bond hearing violated his rights under the Immigration and Nationality Act and his rights to procedural due process under the Fifth Amendment.  ECF No. 1 at 8-9.  The District Court granted petitioner's motion for preliminary injunction on March 4, 2026, finding that petitioner had shown a likelihood of relief on his claim of due process violation, for the reasons set forth in *Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026), and *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  ECF No. 7.  In their Answer to the petition, respondents raise no additional legal grounds for opposing relief on the merits that had not been raised in their opposition to petitioner's motion for temporary restraining order and preliminary injunction.  ECF No. 6.  For the reasons set forth in the Court's March 4, 2026 Order, petitioner has demonstrated by a preponderance of the evidence that his detention without a bond hearing violates his due process rights, by virtue of his membership in the *Bautista* certified class.  *See* ECF No. 7; *Rangel*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996, at *2; *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485,

at *1 (C.D. Cal. Dec. 18, 2025).  Accordingly, the undersigned recommends that the petition be granted.  Because, however, the relief that petitioner requested in his petition—an order that respondents conduct a custody redetermination hearing, *see* ECF No. 1 at 9—has already occurred pursuant to the District Court's March 4, 2026 Order, *see* ECF Nos. 7, 8, there appears no grounds to order any further injunctive relief as part of the final judgment.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to reduce bond (ECF No. 9) is DENIED.

It is RECOMMENDED that petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED and judgment be entered in favor of petitioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5