UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ANGEL ROSALES,

Petitioner,

v.

WARDEN,

Respondent.

No.  2:26-cv-00666-DAD-EFB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PENDING MOTIONS

(Doc. Nos. 12, 13, 15)

Petitioner Miguel Angel Rosales is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 27, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted.  (Doc. No. 13.)  Specifically, the magistrate judge incorporated the analysis set forth in the court's prior order granting petitioner's motion for temporary restraining order and concluded that petitioner's detention without a bond hearing was unlawful.  (*Id.* at 4–5.)  Nevertheless, the magistrate judge concluded that no further relief was required because petitioner received a bond hearing in accordance with the court's prior order.  (*Id.*)  The magistrate judge also denied petitioner's request that the immigration judge's bond determination be modified to reduce the bond amount

1

required for release because petitioner has not exhausted his administrative remedies in that regard.[1] (*Id.* at 2–4.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 5.) On May 4, 2026, respondent filed its objections. (Doc. No. 14.)

Respondent objects to the finding that it violated petitioner's due process rights, relying on the decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995), *superseded by statute as stated in Xi v. I.N.S.*, 298 F.3d 832, 837–38 (9th Cir. 2002), for the proposition that indefinite detention of an "applicant for admission" is not a violation of due process. (Doc. No. 14 at 1–2.) The court has explained on multiple occasions why it does not find this argument persuasive. *See, e.g. Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1453984, at *1 n.1 (E.D. Cal. May 22, 2026). Indeed, one district court has questioned the extent to which *Barrera-Echavarria* has been undermined by subsequent Supreme Court decisions specifically regarding whether indefinite detention is constitutionally permissible. *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 770 (S.D. Cal. 2020) (noting that while the Ninth Circuit stated in *Barrera-Echavarria* that non-citizens having "no substantive right to be free from immigration detention" was "conceptually defensible," subsequent Supreme Court case law has found that proposition to be not "constitutionally defensible") (quoting *Barrera-Echavarria*, 44 F.3d at 1450). Regardless, the court finds respondent's reliance on *Barrera-Echavarria* misplaced because, as another district court has noted, "the Ninth Circuit went on to say that the case before it did not involve indefinite detention" because the noncitizen was detained pursuant to a set of regulations that provided annual parole hearings. *Ahmed v. Casey*, No. 26-cv-00981-RSH-DDL, 2026 WL 658412, at *3 (S.D. Cal. Mar. 9, 2026) (rejecting the respondent's argument on the basis that *Barrera-Echavarria* did not hold that indefinite detention was compatible with due process). For

/////

---

[1] On April 10, 2026, petitioner filed a second motion seeking the largely identical relief of the reduction in his bond, alternatively ordering release, or otherwise ordering a new bond hearing before the immigration judge to reduce his bond. (Doc. No. 12.) The court will deny this motion for the same reasons the assigned magistrate judge rejected petitioner's prior motion to reduce his bond (Doc. No. 9).

the reasons this court has previously rejected respondent's argument and the further reasons explained here, the court rejects respondent's objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons explained above,

1. The findings and recommendations issued on April 28, 2026 (Doc. No. 13) are ADOPTED IN FULL;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED;

3. Petitioner's request for reduction of bond (Doc. No. 12) is DENIED;

4. Respondent's motion to dissolve "no-transfer order" (Doc. No. 15) is DENIED as having been rendered moot;[2]

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Respondent requests that the court dissolve its March 2, 2026 order ordering respondent to not "take any action to remove petitioner from the United States or to move petitioner out of the Eastern District of California" "pending the issuance of the court's order resolving the pending motion for temporary restraining order[.]"  (Doc. No. 5.)  To the extent that this order could arguably still be in effect despite the court having issued an order resolving the motion for temporary restraining order (Doc. No. 7), that order is dissolved by the closure of this case.